DAVID L. MAINES v. CITY OF GREENSBORO, NORTH CAROLINA

No. 7918SC53

(Filed 6 November 1979)

**1. Municipal Corporations § 11— discharge of fireman—due process**

Plaintiff was accorded due process in the termination of his employment as a fireman for the City of Greensboro where plaintiff had notice that his employer was contemplating action against him because he had allegedly moved from the City of Greensboro, and plaintiff had notice of the termination hearing and an opportunity to present evidence at that hearing.

**2. Municipal Corporations § 11— discharge of fireman—violation of residency requirement**

A city ordinance requiring permanent city employees to be city residents was not applied arbitrarily and capriciously in the termination of plaintiff's employment as a city fireman where a finding was made upon competent evidence that plaintiff moved from inside the city limits to an address outside the city limits subsequent to the effective date of the ordinance, and there was no evidence that any exceptions have been allowed for other persons in plaintiff's position.

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 22 August 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 24 September 1979.

Plaintiff filed this action seeking a declaration that he had been unlawfully terminated from his employment with defendant's fire department. He asked that he be awarded reinstatement, back pay and all allowances and benefits that otherwise would have accrued in his favor. His employment was terminated upon a finding that he had changed his place of residency from Greensboro to Low Gap in Surry County, North Carolina, in violation of the Greensboro City Ordinance requiring city employees to be residents of the city. This finding was made after a hearing, of which plaintiff had notice and at which he was allowed to offer evidence in his behalf, and the termination of his employment was affirmed on appeal to the city manager. Plaintiff challenged the constitutionality of the ordinance in question (both on its face and as applied to him), in Superior Court. Defendant city contended that plaintiff was an employee at will of the city and so could be dimissed at any time and also, that plaintiff had received his due process rights and protection. The trial court entered summary

judgment in favor of defendant and plaintiff appeals, assigning error.

*Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr., for plaintiff-appellant.*

*Miles & Daisy, by James W. Miles, Jr., for the defendant-appellee.*

MARTIN (Robert M.), Judge.

[1]   Plaintiff raises two questions on appeal: the constitutionality of the ordinance under which plaintiff was dismissed, and whether he was vested with certain rights as a "permanent" city employee entitling him to due process before termination, implied tenure, and judicial review of any termination proceeding. We do not need to decide the second question, as it affirmatively appears from the record that plaintiff received all consideration that due process would require no matter what his status as an employee was. The basic requirements of procedural due process in this context (as set forth in *Board of Regents v. Roth*, 408 U.S. 564, 33 L.Ed. 2d 548, 92 S.Ct. 2701 (1972) and its progeny), are notice to the employee that some action is to be taken in regard to him pertinent to his employment and that the employee be given an opportunity to be heard before the authority making the decision. These requirements were met in the instant case. Plaintiff had notice that his employers were considering action against him because of his alleged move from the city of Greensboro, and he was allowed to address the body convened to make the decision and present his side of the story. Without regard to his status as an employee, whether permanent or at will, absent extraordinary circumstances (not present here), plaintiff is not entitled to anything more. *See Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976).

[2]   It was found as fact from conflicting evidence at the disciplinary hearing that plaintiff had moved from inside the city limits of Greensboro to an address outside the city limits subsequent to the effective date of the city ordinance requiring permanent city employees to be city residents. Although the evidence on the question given by plaintiff was in direct contradiction to the evidence adduced by the city, the hearing body weighed issues of credibility and resolved the question in favor of the city.

As there was competent evidence to support the finding that plaintiff had moved outside the city limits after the ordinance became effective, we are bound by that finding on appeal.

In consequence of this finding, we are unable to conclude that the ordinance has been applied in an unconstitutional or arbitrary and capricious manner. We do not find from the record that any exceptions have been allowed to any persons who have been found to have acted as did plaintiff in this matter. The ordinance in question provides:

> Section 1. That all permanent city employees employed on and after 2 September 1976 shall be required to be permanent residents of the City of Greensboro; provided, that any such employees shall be given ninety (90) days to move their residence inside the city limits of Greensboro from the date of employment.

> Section 2. All existing permanent employees employed before 2 September 1976 who are presently living outside the city limits of the City of Greensboro may continue to reside outside the city limits until such time as any such permanent employees either move their residence inside the city limits or their residence is annexed within the city limits. Thereafter, such employees may not move their residence outside the city limits of the City of Greensboro.

> Section 3. As of 2 September 1976, all permanent city employees living inside the city limits of the City of Greensboro must continue to reside within the city limits at all times.

> Section 4. The City Manager is hereby directed to implement the above mentioned residency requirements within the personnel rules and regulations of the City of Greensboro. In addition, the City Manager may prescribe other reasonable standards with regard to residency requirements as he may determine to be in the best interest of the City of Greensboro which requirements shall be supplemental to and consistent with the standards and criteria set out above.

All of the exceptions to the ordinance were made under Section 2 to persons who either had homes under construction or loan commitments for construction outside the city as of the cutoff date of

2 September 1976. None of the facts concerning those exceptions has been disputed. In plaintiff's case, a binding adjudication has been made that plaintiff did in fact move from inside the city limits to an address outside the city limits after the cutoff date.

Plaintiff argues that the power vested in Section 4 of the ordinance renders the entire ordinance unconstitutional, in that it is an unlawful delegation of power by the City Council to the city manager. In that plaintiff was discharged for a violation of Section 3 of the ordinance, and all exceptions granted have been in accord with Section 2 of the ordinance, we conclude that plaintiff has not been injured by that which he seeks to attack, and therefore has no standing to challenge the constitutionality of the ordinance. *See Flast v. Cohen*, 392 U.S. 83, 20 L.Ed. 2d 947, 88 S.Ct. 1942 (1968); *Stanley, Edwards, Henderson v. Dept. Conservation & Development*, 284 N.C. 15, 199 S.E. 2d 641 (1973). Plaintiff's assignments of error are overruled. The entry of summary judgment by the trial court is affirmed.

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.